Filed 10/19/21  P. v. Huante CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092983 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F02676) |
| v. | |
| FRED HUANTE, | |
| Defendant and Appellant. | |

Defendant, Fred Huante, appeals the trial court's denial of his petition for resentencing under Penal Code[1] section 1170.95, enacted as part of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015).  He contends:  1) the trial court erred by denying his petition as to his murder conviction without an evidentiary hearing; and 2) he is entitled to resentencing for his conviction for attempted murder.  The People properly concede the claim as to defendant's murder conviction.  We reverse and remand the order as to defendant's murder conviction and affirm the order as to the attempted murder conviction.

---

[1]     Undesignated statutory references are to the Penal Code.

1

BACKGROUND

In 2013, a jury found defendant and his codefendant, Vincent Rivera, guilty of one count of first degree murder, three counts of attempted murder, and one count of shooting into an occupied motor vehicle. Defendant appealed. We affirmed the attempted murder and shooting into an occupied vehicle convictions. However, we conditionally reversed the first degree murder conviction based on instructional error that permitted the jury to find uncharged conspiracy liability for first degree murder under the natural and probable consequences doctrine. We remanded the matter and gave the People the option of accepting a reduction of the conviction to second degree murder or retrying defendant for first degree murder on a proper legal theory. On remand, the prosecution accepted the reduction of the murder conviction to second degree murder. The trial court sentenced defendant to 15 years to life on the murder conviction (count one) and seven years to life on each attempted murder conviction (counts two, five, and six), plus a 25-year-to-life firearm enhancement on one attempted murder conviction (count five) and a 20-year firearm enhancement on a separate attempted murder conviction (count six).

In 2019, defendant filed a section 1170.95 petition for resentencing. The trial court appointed counsel. After briefing, the trial court denied the petition. The trial court concluded defendant's attempted murder convictions were not eligible for resentencing under section 1170.95. As to the murder conviction, relying on our appellate opinion, the trial court found, based on the evidence, a jury could still find defendant guilty of murder under various theories; as an aider or abettor to first or second degree murder or as a conspirator to commit murder. Thus, the court concluded the record demonstrated as a matter of law that defendant could be convicted of murder under multiple theories, and no evidentiary hearing was required.

2

## DISCUSSION

### I

*General Statutory Background*

Senate Bill No. 1437, which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial . . . . [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

The bill amended section 188 to provide: "Except as stated in subdivision (e) of [s]ection 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e), now provides that a participant in the perpetration or attempted perpetration of a felony specified in subdivision (a) in which death occurs is liable for murder only if one of the following is proven: "(1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded,

3

induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2."

Under subdivision (c) of section 1170.95, "[t]he court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served.  These deadlines shall be extended for good cause.  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

## II

### *Murder Conviction*

Defendant contends the trial court erred when it denied his petition without a hearing because it weighed evidence in the record of conviction and used the substantial evidence test to deny the petition.  The People agree the trial court engaged in judicial fact finding on issues not conclusively resolved by the record of conviction and that the court should have issued an order to show cause.  The parties thus agree the case should be remanded for further proceedings under section 1170.95.  We agree.

Our Supreme Court has explained that subdivision (c) requires "only a single prima facie showing."  (*People v. Lewis* (2021) 11 Cal.5th 952, 962.)  A trial court "may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, [but] the prima facie inquiry under subdivision (c) is limited.  Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his

4

or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id*. at p. 971.) While appellate opinions "are generally considered to be part of the record of conviction, . . . the probative value of an appellate opinion is case-specific, and 'it is certainly correct that an appellate opinion might not supply all answers.' " (*Id*. at p. 972.) Thus, "[i]n reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Ibid*.)

Here, defendant stated in his initial declaration that he was convicted of second degree murder under the natural and probable consequences doctrine, which would not have supported a murder conviction after the changes to sections 188 and 189. The record of conviction does not disprove this statement as a matter of law. On the contrary, our opinion in the direct appeal from defendant's conviction notes the fact that the instructions given permitted the jury to find defendant guilty based on the natural and probable consequences doctrine. The facts in defendant's record of conviction thus do not conclusively contravene defendant's allegation that the changes to sections 188 and 189 eliminated the theory under which he was convicted.

At this stage of the petition review process under section 1170.95, subdivision (c), the trial court should not have engaged in any fact finding or made any factual inferences about whether defendant could theoretically have been found guilty on a now-valid ground. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815-816.) It was thus premature for the court to consider whether the facts in defendant's case gave rise to implied malice under section 188. Assuming the facts asserted in defendant's petition were true, as the court was required to do, defendant fulfilled the eligibility requirements listed in

section 1170.95, subdivision (a). (*People v. Lewis*, *supra*, 11 Cal.5th at p. 972.) Thus, the trial court should have issued an order to show cause and held an evidentiary hearing. (*Id*. at p. 960.) We therefore reverse the trial court's order denying the petition as to defendant's murder conviction and remand with directions to issue an order to show cause under section 1170.95, subdivision (c) and hold a hearing under section 1170.95, subdivision (d). We express no opinion about whether defendant is entitled to relief following the hearing.

III

*Attempted Murder Convictions*

Defendant argues attempted murder comes within the purview of Senate Bill No. 1437, as demonstrated by the legislative history and the ameliorative legislative purpose of the bill. He also argues excluding attempted murder from the statute violates his right to equal protection. We disagree.

The trial court properly found defendant ineligible for relief because his conviction was for attempted murder. Section 1170.95 does not apply to attempted murder convictions. (*People v. Larios* (2019) 42 Cal.App.5th 956, 970 ["section 1170.95 is limited to certain murder convictions and excludes all other convictions, including a conviction for attempted murder"], review granted Feb. 26, 2020, S259983.)

Defendant's arguments that section 1170.95 should be construed to apply to attempted murder are unconvincing. There is nothing in the language of the bill, resulting statutory language, or the legislative history indicating the Legislature intended to allow individuals convicted of attempted murder to petition for relief under section 1170.95. (*People v. Lopez* (2019) 38 Cal.App.5th 1087, review granted Nov. 13, 2019, S258175; see *People v. Medrano* (2019) 42 Cal.App.5th 1001, review granted Mar. 11, 2020, S259948.) Indeed, attempted murder requires the intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing. (*People v. Smith* (2005) 37 Cal.4th 733, 739.) Those who harbor an intent to kill and take a direct step

6

toward the commission of that killing are not the less culpable petitioners section 1170.95 was designed to benefit. (See § 189, subd. (e)(2).) Thus, the statutory language affirmatively demonstrates those convicted of attempted murder are excluded from the scope of section 1170.95 relief.

Moreover, the Legislature's decision not to include attempted murder does not violate equal protection because "those charged with, or found guilty of, murder are, by definition, not similarly situated with individuals who face other, less serious charges. [¶] . . . The Legislature is permitted to treat these two groups of criminals differently." (*People v. Lopez*, *supra*, 38 Cal.App.5th at pp. 1109-1110.) "And there is a rational basis for the Legislature's decision to grant relief pursuant to section 1170.95 only to murder convictions and exclude attempted murder convictions based on judicial economy and the financial costs associated with reopening both final murder and final attempted murder convictions." (*People v. Medrano*, *supra*, 42 Cal.App.5th at p. 1018.)

Defendant's conviction for attempted murder is not eligible for relief under section 1170.95.

### DISPOSITION

The order denying defendant's petition for resentencing under section 1170.95 as to his murder conviction is reversed. The matter is remanded with directions to issue an order to show cause and hold a hearing under section 1170.95, subdivision (d). The order denying defendant's petition as to his attempted murder convictions is affirmed.

/s/
Robie, J.

We concur:

/s/
Blease Acting P. J.

/s/
Duarte, J.

7